**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 18-cv-00308-CMA-NYW

LONNIE FAILS and RICHARD SELL,
both individuals,

        Plaintiffs,

   v.

PATHWAY LEASING LLC, a Colorado
limited liability company; MATTHEW HARRIS,
an individual; and CARGILL MEAT LOGISTICS
SOLUTIONS, INC., a Kansas corporation
registered to conduct business in Colorado,

        Defendants.

---

**DEFENDANT CARGILL MEAT LOGISTICS SOLUTIONS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND**

---

NOW COMES Defendant Cargill Meat Logistics Solutions, Inc. ("Cargill"), by its attorneys, Cozen O'Connor, and for its Answer to Plaintiffs' Complaint, states as follows:

**<u>INTRODUCTION</u>**

1.    Defendants Pathway Leasing LLC and Matthew Harris (hereinafter the "Pathway Defendants" or collectively with other Defendants, the "Defendants") billed themselves  as lessor of trucks for independent contractors, when in fact, Defendants sought to employ truckers to move goods in commerce without paying the cost of hiring and retaining employees.

**ANSWER:**   The allegations of this Paragraph do not pertain to Cargill.  Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.

2.      Defendant Cargill Meat Logistics Solutions, Inc. (hereinafter the "Carrier Defendant" or collectively with other Defendants, the "Defendants") contracted with the Pathway Defendants to employ Plaintiffs. More specifically, the Carrier Defendant acted as joint employers with the Pathway Defendants in employing Plaintiffs to move goods in commerce.

**ANSWER:**   Cargill denies the allegations of this Paragraph.

3.      Plaintiffs were duped into signing lease agreements for trucks believing they could operate those trucks as independent contractors and improve their lives through the exercise of entrepreneurial spirit. In reality, after signing these lease agreements, and other ancillary agreements, Defendants controlled every aspect of Plaintiffs' work, including who they could drive for, how and when they could repair or maintain their trucks, and incredulously, Defendants even required the companies that Plaintiffs drove for to remit Plaintiffs' pay to Defendants so that Defendants could make deductions from Plaintiffs' pay and issue them paychecks. These deductions never included payroll deductions mandated by state and federal law governing the payment of wages, but rather, included improper and unlawful deductions that resulted in Plaintiffs being paid

less than minimum wage on many occasions. Some Plaintiffs were paid what equated to just a few dollars per hour despite working an average of 70 hours per pay period.

**ANSWER**:   Cargill denies the allegations of this Paragraph to the extent they pertain to Cargill.  Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph that pertain to Defendants other than Cargill. Except as specifically admitted, Cargill denies the remaining allegations of this Paragraph.

4.     Defendants engaged in this behavior willfully and without regard for the economic welfare of their employees and with full knowledge that Plaintiffs were conferring benefits upon Defendants that were improperly procured.

**ANSWER**:   Cargill denies the allegations of this Paragraph to the extent they pertain to Cargill.  Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph that pertain to Defendants other than Cargill. Except as specifically admitted, Cargill denies the remaining allegations of this Paragraph.

5.     As such, Plaintiffs seek relief from the Court, including relief for those of Defendants' employees that are similarly situated.

**ANSWER**:   Cargill admits that Plaintiffs are seeking relief from this Court.   Further pleading, Cargill denies the remaining allegations of this Paragraph to the extent they pertain to Cargill.  Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph that pertain to Defendants other than Cargill.

Except as specifically admitted, Cargill denies the remaining allegations of this Paragraph.

## COLLECTIVE ACTION

6.     Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b).

**ANSWER:**     Cargill admits that Plaintiffs are seeking to bring their Fair Labor Standards Act claims as a collective action pursuant to 29 U.S.C. § 216(b), but deny that collective treatment is proper or warranted.   Further pleading, Cargill denies the remaining allegations of this Paragraph to the extent they pertain to Cargill.   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph that pertain to Defendants other than Cargill.

7.     All named Plaintiffs are similarly situated: they are all employees, or former employees, of Defendants, and Defendants have failed to pay them minimum wage on many occasions due to improper deductions from Plaintiffs' pay.

**ANSWER:**     Cargill denies the allegations of this Paragraph to the extent they pertain to Cargill.   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph that pertain to Defendants other than Cargill. Except as specifically admitted, Cargill denies the allegations of this Paragraph.

8.      Therefore, Plaintiffs request the Court certify this collective action as soon as possible so that Plaintiffs and this Court may craft a notice process to all other similarly situated employees of Defendants who may desire to opt-in to this action.

**ANSWER:**   Cargill admits that Plaintiffs are seeking to bring their Fair Labor Standards Act claims as a collective action pursuant to 29 U.S.C. § 216(b), but deny that collective treatment is proper or warranted.   Further pleading, Cargill denies the remaining allegations of this Paragraph to the extent they pertain to Cargill.   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph that pertain to Defendants other than Cargill.

## JURISDICTION, VENUE AND PARTIES

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this Complaint raises a federal question and a private cause of action, including a collective action, is authorized by the FLSA. This Court also has supplemental jurisdiction over Plaintiffs' non-statutory claims by virtue of 28 U.S.C. § 1367.

**ANSWER:**   Cargill admits that this Court has jurisdiction over Plaintiffs' claims in this matter.   Except as specifically admitted Cargill denies the allegations of this Paragraph.

10.      This Court has personal jurisdiction over the Pathway Defendants as the Pathway Defendants are residents of the State of Colorado and are engaged in continuous and systematic business activities within this State. Carrier Defendant is a

foreign entity registered to conduct business in the State of Colorado, or directly conduct business in Colorado whether through a subsidiary company or otherwise, and is in fact engaged in continuous and systematic business activities within this State. As such, Carrier Defendant is subject to the general or specific personal jurisdiction of this Court.

**ANSWER:**   Cargill admits that this Court has personal jurisdiction over Cargill with respect to this matter.   Cargill lacks knowledge or information sufficient to form a belief about the allegations of this Paragraph with respect to any Defendants other than Cargill. Except as specifically admitted, Cargill denies the allegations of this Paragraph.

11.   Venue is proper in the District of Colorado pursuant to 28 U.S. C. §§ 1391(a), (b) and (c) because all Defendants are residents of the State of Colorado, a substantial part of the events or omissions giving rising to Plaintiffs' claims occurred in the District of Colorado or all Defendants are subject to the personal jurisdiction of the Court.

**ANSWER:**   Cargill admits that venue is proper in this Court due to the allegations made by Plaintiffs.   Cargill denies those allegations, however.   Except as specifically admitted, Cargill denies the allegations of this Paragraph.

12.   Plaintiff Lonnie Fails is a resident of the State of Colorado and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the-road" trucker, *i.e.*, a trucker involved in transporting goods long distances,

and in many instances, Plaintiff does not, or did not, return home from work trips for weeks or months at time.

**ANSWER:**   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Fails' residence or whether Plaintiff Fails does not or did not return home from work trips for weeks or months at a time.  Cargill further lacks knowledge or information sufficient to form a belief about the allegations of this Paragraph regarding any Defendants other than Cargill.  Cargill denies that Plaintiff Fails was an employee of Cargill and further denies that Plaintiff Fails engaged in commerce on behalf of Cargill within the definition thereof under the FLSA.  Cargill admits that, at times during the applicable statute of limitations under the FLSA, Plaintiff Fails was a truck driver and transported goods over the road.  Except as specifically admitted, Cargill denies the allegations of this Paragraph.


13.     Plaintiff Richard Sell is a resident of the State of Iowa and is, or was formerly, employed by Defendants. At all relevant times described herein, Plaintiff was an employee engaged in commerce, as defined by the FLSA. Specifically, Plaintiff was, or is, an "over-the- road" trucker, *i.e.*, a trucker involved in transporting goods long distances, and in many  instances, Plaintiff does not, or did not, return home from work trips for weeks or months at  time.

**ANSWER:**   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff Sell's residence or whether Plaintiff Sell does not or did not return home from work trips for weeks or months at a time.  Cargill further

LEGAL\34548217\1 18925.0001.000/408936.000

lacks knowledge or information sufficient to form a belief about the allegations of this Paragraph regarding any Defendants other than Cargill.  Cargill denies that Plaintiff Sell was an employee of Cargill and further denies that Plaintiff Sell engaged in commerce on behalf of Cargill within the definition thereof under the FLSA.  Cargill admits that, at times during the applicable statute of limitations under the FLSA, Plaintiff Sell was a truck driver and transported goods over the road.  Except as specifically admitted, Cargill denies the allegations of this Paragraph.

14.     Defendant Pathway Leasing LLC is a limited liability company duly organized and existing under the laws of the State of Colorado, with its principal place of business located in Littleton, Colorado. At all relevant times described herein, Defendant was an enterprise engaged in commerce, as defined by the FLSA. Specifically, Defendant was, and remains, in the business of assisting companies in shipping goods all over the United States, and upon information and belief, has gross annual sales of over $500,000.

**ANSWER:**     Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.

15.     Defendant Matthew Harris, upon information and belief, is the principal member and registered agent for Defendant Pathway Leasing LLC and resides in Englewood, Colorado. At all relevant times described herein, Defendant was an enterprise engaged in commerce, as defined by the FLSA. Specifically, Defendant was,

and remains, in the business of assisting companies in shipping goods all over the United States, and upon information and belief, has gross annual sales of over $500,000.

**ANSWER**:   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.

16.   Defendant Cargill Meat Logistics Solutions, Inc. is a corporation duly organized and existing under the laws of the State of Kansas, with its principal place of business located in Wichita, Kansas. At all relevant times described herein, Defendant was an enterprise engaged in commerce, as defined by the FLSA. Specifically, Defendant was, and remains, in the business of assisting companies in shipping goods all over the United States, and upon information and belief, has gross annual sales of over $500,000. Defendant Cargill Meat Logistics Solutions, Inc. may be served through its registered agent at: The Corporation Company, 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

**ANSWER**:   Cargill admits the allegations of this Paragraph.

17.   Even if Defendants do not realize gross annual sales of over $500,000, the Court still has jurisdiction over Plaintiffs' claims as it cannot be reasonably disputed that each Plaintiff was, or remains, engaged in commerce within the meaning of the FLSA.

**ANSWER**:   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph with respect to Defendants other than Cargill.

Except as specifically admitted, Cargill denies the remaining allegations of this Paragraph.

## THE WILLFUL MISCLASSIFCATION OF PLAINTIFFS AS INDEPENDENT CONTRACTORS

18.     The Pathway Defendants organized Pathway Leasing in January 2012. The stated purpose of the company is to "provid[e] reliable, fuel efficient equipment that meets the needs of independent contractors; partner[] with quality partner carriers; includ[e] only necessary, value- added services; and structur[e] every lease to be affordable where each customer will have an asset worth owning upon lease completion."[1]

**ANSWER:**     Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.   To the extent that the allegations of this Paragraph are intended to refer to Cargill, Cargill denies those allegations.

19.     Thus, the Pathway Defendants bill themselves as a company that provides trucks to independent contractors, through lease agreements, such that the independent contractors may procure "reliable truck[s] that meet[] the needs of their business."[2] Further, the Pathway Defendants state: "Throughout the lease, Pathway and its affiliates deliver business solutions to help the IC [independent contractor] manage their business and ultimately realize the goal of owning their truck."[3]

---

[1] https://www.pathwayleasing.com/about-us/ (last visited August 31, 2016).
[2] https://www.pathwayleasing.com (last visited August 31, 2016).
[3] Id.

**ANSWER:**   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.   To the extent that the allegations of this Paragraph are intended to refer to Cargill, Cargill denies those allegations.

20.   In reality, the Pathway Defendants prey upon individuals with poor credit or other circumstances that prevent them from purchasing a truck through more traditional means. Under the guise of offering a "lease" to these purported "independent contractors," the Pathway Defendants are able to employ individuals, including Plaintiffs, and avoid the expense of acknowledging the employer-employee relationship, *e.g.*, the payment of payroll taxes.

**ANSWER:**   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.   To the extent that the allegations of this Paragraph are intended to refer to Cargill, Cargill denies those allegations.

21.   After Plaintiffs signed their respective "lease" agreements, the Pathway Defendants exercised near total control over Plaintiffs' work-related activities, including dictating what company or companies any given Plaintiff could perform work for and demanding that all payments from those companies be delivered to Defendants, rather than directly to Plaintiffs as one would expect if Plaintiffs were actually independent contractors, each running their own business. This was done, in part, so that the Pathway Defendants could then issue a paycheck to Plaintiffs after making improper and unlawful deductions.

LEGAL\34548217\1 18925.0001.000/408936.000

**ANSWER:**   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.   To the extent that the allegations of this Paragraph are intended to refer to Cargill, Cargill denies those allegations.

22.     These paychecks often contained deductions for various types of advances made by the Pathway Defendants to Plaintiffs. Notably, these paychecks never included deductions for any type of payroll withholding required under federal and state law when an employer-employee relationship is formed.

**ANSWER:**   Cargill lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph.   To the extent that the allegations of this Paragraph are intended to refer to Cargill, Cargill denies those allegations.

23.     Upon information and belief, the Pathway Defendants have a contractual relationship or other agreement, whether written or verbal, with the Carrier Defendant, which are designated as acceptable for Plaintiffs to provide services. The presumed purpose for any such agreement is to allow both the Pathway Defendants and the Carrier Defendant to avoid the expense of retaining employees. As such, the Pathway Defendants and the Carrier Defendant are joint employers for purposes of liability under the FLSA.

**ANSWER:**   Cargill denies the allegations of this Paragraph.

24.     Despite Defendants having tried to structure their relationship with Plaintiffs for the purpose of avoiding an employer-employee relationship, the economic realities of the relationship dictate that Plaintiffs are in fact Defendants' employees. Under the FLSA, courts look to the "economic realities test" which examines the totality of the circumstances, with an examination of the following factors: (1) the degree of control exercised by the employer over  the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the employer's business. *See, e.g., Barlow v. C.R. England, Inc.*, 703 F.3d 497, 506 (10th Cir. 2012). Importantly, the "focal point in deciding whether an individual is an employee is whether the individual is *economically dependent* on the business to which he renders service." *Id.* (emphasis in original).

**ANSWER:**     Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

25.     Here, all Plaintiffs work for Defendants pursuant to Defendants' complete control over the working relationship. Plaintiffs are not allowed to drive for any companies that Defendants do not approve. In fact, many Plaintiffs have been asked to drive for other companies, have forwarded that request to Defendants, and have been told by Defendants that they are not allowed to drive for any companies other than those that

Defendants specify. Moreover, Defendants control the manner and ability by which Plaintiffs may service and repair their leased vehicles.

**ANSWER**:   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

26.   Defendants "lease" their vehicles with a service warranty, but in many cases, Defendants will not honor the service arrangement when the truck needs to be repaired. In fact, all Plaintiffs have suffered at least one instance in which the truck needed to be repaired, and Defendants failed to honor the service warranty. Rather, Defendants offered to loan the respective Plaintiffs money to pay for the repairs so long as Plaintiffs signed a promissory note in exchange. Defendants would deduct payments due under the promissory notes from Plaintiffs' paychecks. The terms of the promissory notes dictated that while a promissory note was in effect, a Plaintiff could never receive more than $900 in a pay period nor would a Plaintiff receive less than $100 in a pay period. In many pay periods, various Plaintiffs were paid as little as $100 to $200 dollars despite working around 70 hours in the same pay period.

**ANSWER**:   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

27.     Thus, no Plaintiff was afforded the opportunity to expend their own efforts in order to increase their profit. Rather, the terms of the "lease" agreement, combined with the effect of the promissory notes, all but guaranteed Plaintiffs would be indebted to Defendants, and if any Plaintiff was ever able to complete payments on the terms of a "lease," that Plaintiff was guaranteed to have grossly overpaid for the vehicle. Related, Plaintiffs were led to believe that they were "investing" in their own business through repairs or improvements made to their trucks, but in reality, Plaintiffs were increasing the profits of Defendants while inadvertently being tricked into reducing their own wages to below that mandated by the FLSA.

**ANSWER:**     Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

28.     The working relationship between Plaintiffs and Defendants was meant to be as permanent as possible. In fact, the only way a Plaintiff could exit the relationship would be to pay off the lease, an unlikely event given the usurious nature of the terms, or default on the lease. By design, that is, through the use of promissory notes and a service warranty never meant to be honestly interpreted, Defendants sought to extend the employment relationship as long as possible thereby increasing their profits.

**ANSWER:**    Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

29.    While there can be no doubt that a certain amount of skill is required to engage in the trucking industry as a driver, driving itself is not a unique skill traditionally exercised by independent contractors. To be sure, truck drivers that are true independent contractors do exist; however, many companies utilize employee-drivers. Many drivers prefer to be employee-drivers as this eases the burden of maintaining licensure and ensuring regulatory compliance. In either event, it cannot be stated that driving in and of itself is a highly skilled avocation, even if it is difficult and, at times, stressful.

**ANSWER:**    Cargill denies the allegations of this Paragraph.

30.    Finally, Plaintiffs' work was absolutely integral to Defendants' business. While Defendants advertise themselves as being in the business of leasing trucks or in the business of moving goods in commerce, the truth is Defendants' income is heavily dependent, or completely dependent, on the *driving* performed by their purported "lessees or independent contractors." Put simply: the longer a Plaintiff drives Defendants' trucks, the more repairs are needed, the more promissory notes are signed; and not surprisingly, Defendants make more profit. This analysis does not include the value of whatever agreements must exist between the Pathway Defendants and the Carrier Defendant, that

Plaintiffs must exclusively drive for, as dictated by the Pathway Defendants. The Pathway Defendants are not in the leasing business, but rather, are in the business of moving goods, or assisting the Carrier Defendant in moving goods, from one location to another. Through a convoluted, albeit somewhat sophisticated system of leases and warranties, the Pathway Defendants and the Carrier Defendant are able to pass themselves off as something they are not. As to the true nature of Defendants' business, Plaintiffs' work is critical to Defendants' success.

**ANSWER:**   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.


31.    Importantly, the primary question posed by the economic realities test is: "Whether the individual is *economically dependent* on the business to which he [or she] renders service?" The answer to this question must unequivocally be answered in the affirmative. Plaintiffs are not allowed to drive for other companies, the Carrier Defendant remits payment for Plaintiffs' services directly to the Pathway Defendants rather than to Plaintiffs, and the Pathway Defendants then make whatever deductions they see fit (but not federal and state mandated payroll deductions). As such, without their relationship with Defendants, Plaintiffs would realize no economic gain whatsoever. As it is, Plaintiffs' economic gain constitutes, in many pay periods, starvation level wages.

**ANSWER:**   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

32.   Because the Pathway Defendants bill themselves as a leasing company, but in reality are a shipper of goods with a somewhat sophisticated system of leases and  warranties demonstrating  only  one  possible  goal:  the  avoidance  of  retaining employees, all Plaintiffs have been intentionally misclassified as lessors or independent contractors by Defendants.

**ANSWER:**   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## THE JOINT EMPLOYMENT RELATIONSHIP

33.   The United States Department of Labor has promulgated regulations, which carry the force of law, to implement the FLSA. One regulation specifically defines "joint employment" as: "A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938 . . . if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the

other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act . . . ." 29 C.F.R. § 791.2(a).

**ANSWER:**   To the extent that the allegations of this Paragraph are a mere recitation of the federal regulations, no response is necessary from Cargill.  To the extent a response is required of Cargill, Cargill denies the allegations of this Paragraph.

34.     Moreover, the United States Department of Labor's regulations provide: "Where the employee performs work which simultaneously benefits two or more employers . . . a joint employment relationship generally will be considered to exist in situations such as: (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the  other employer." 29 C.F.R. § 791.2(b)(1), (2), and (3).

**ANSWER:**   To the extent that the allegations of this Paragraph are a mere recitation of the federal regulations, no response is necessary from Cargill.  To the extent a response is required of Cargill, Cargill denies the allegations of this Paragraph.

35.     As already described herein, the Pathway Defendants contract with the Carrier Defendant, whether verbal or written, and all Defendants then benefit from the services performed by Plaintiffs. Because the Pathway Defendants only allow Plaintiffs to drive for certain of the Carrier Defendants, the Defendants' businesses are not completely "disassociated." Rather, Defendants' businesses are intertwined and economically dependent on the other, or others. As such, all Defendants are liable, "both individually and jointly, for compliance" with the FLSA. All Defendants have failed to pay Plaintiffs minimum wage on many occasions and are liable for payment of the same, including liquidated damages, attorneys' fee, costs, interest and any other relief order by this Court.

**ANSWER:**     Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## DEFENDANTS' WILLFULLY FAILED TO PAY PLAINTIFFS MINIMUM WAGE

36.     The FLSA requires that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . or is employed in an enterprise engaged in commerce . . . wages at the following rates: (C) $7.25 an hour . . . ." 29 U.S.C. § 206(a)(1)(C).

**ANSWER:**   To the extent that the allegations of this Paragraph are a mere recitation of the United States Code, no response is necessary from Cargill.  To the extent a response is required of Cargill, Cargill denies the allegations of this Paragraph.

37.    The Pathway Defendants set up agreements with the Carrier Defendant desiring to ship goods such that Defendants' purported lessees or independent contractors would be required to drive for Defendants as part of their "lease agreement." As already described herein, Plaintiffs were not independent contractors or in a lessor/lessee relationship with Defendants; rather, Plaintiffs were joint employees of Defendants. Also, as already alleged, Plaintiffs can discern no other reason for Defendants to have created this elaborate arrangement of leases, warranties and promissory notes other than for the purpose of avoiding the expense and burden of hiring actual employees.

**ANSWER:**   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

38.    To make matters worse, Defendants targeted truck drivers with poor credit or no ability to obtain traditional financing, *i.e.*, Defendants targeted individuals with few, if any, other options to earn a living. Thus, each and every time Defendants failed to pay Plaintiffs minimum wage, the failure was willful.

**ANSWER:**   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

39.     At the beginning of Plaintiffs' employment relationship, that is, before Defendants began to make deductions for promissory notes executed for maintenance and repairs, Plaintiffs may have been paid at a rate above the minimum wage. However, as each successive Plaintiff became faced with maintenance and repairs costs (costs that should have been covered under Defendants' service warranty) and was unable to afford such costs, the Plaintiff would be left with no other option but to sign a promissory note to Defendants. Defendants then deducted these promissory note payments from Plaintiffs' paychecks, resulting in a failure to pay the required minimum wage as each Plaintiff worked approximately 70 hours in any given pay period and received amounts that sometimes equated to just a few dollars per hour.

**ANSWER:**   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

40.     Moreover, as Plaintiffs were joint employees of Defendants, not independent contractors or lessees, any deductions for maintenance or repair of

Defendants' property were not proper deductions as these costs are not properly transferable to an employee. Even if Plaintiffs were properly classified as employees in the first instance (which they were not), Defendants did not follow the proper procedures for making such deductions, and in any event, cannot still fail to pay the minimum wage. Plaintiffs have suffered damages from Defendants' willful failure to pay minimum wage and are entitled to collect all unpaid wages, liquidated damages, fees, costs, and interest, as are any other misclassified employees similarly situated to Plaintiffs.

**ANSWER:**   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA
### 29 U.S.C. §§ 201 *et seq.*
### (Against All Defendants)

41.    Plaintiffs incorporate all allegations contained herein as if fully stated in this Paragraph.

**ANSWER:**   Cargill incorporates its responses to Paragraphs 1-40 as if fully stated herein.

42.    Defendants are employers within the meaning of the FLSA.

**ANSWER:**   Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other

than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

43.     Plaintiffs are employees within the meaning of the FLSA.

**ANSWER**:     Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

44.     Plaintiffs were employed, or remained employed, by Defendants.

**ANSWER**:     Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

45.     The FLSA requires that employers pay employees not less than the minimum wage, currently set at $7.25 per hour.

**ANSWER**:     To the extent that the allegations of this Paragraph are a mere recitation of the United States Code and regulations, no response is necessary from Cargill.  To the extent a response is required of Cargill, Cargill denies the allegations of this Paragraph.

46.     In many instances, Plaintiffs wages were subject to improper deductions by Defendants resulting in the payment of less than minimum wage.

**ANSWER**:     Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

47.     Plaintiffs have suffered damages as a result of Defendants' failure to pay minimum wage, and seek those unpaid wages, liquidated damages, fees, costs, and interest at the highest allowable rate under law.

**ANSWER**:     Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill.  To the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## COUNT II
### Rescission or Voiding of Lease Agreements, Warranties and Promissory Notes, and Restitution
### (Against the Pathway Defendants)

48.     Plaintiffs incorporate all allegations contained herein as if fully stated in this Paragraph.

**ANSWER**:     Cargill incorporates its responses to Paragraphs 1-47 as if fully stated herein.

49.     Defendants represented to Plaintiffs that the lease agreements, warranties, and promissory notes Plaintiffs were entering into were for the purpose of allowing Plaintiffs to operate as independent contractors.

**ANSWER:**     Plaintiffs' Second Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

50.     Plaintiffs were not informed that these lease agreements were actually to operate as a backdoor around the requirements of the FLSA. Moreover, Plaintiffs were leased trucks under false premises, *i.e.*, Plaintiffs were informed the trucks were in good mechanical order, when in fact, most of Plaintiffs' vehicles required serious and expensive maintenance near the beginning of the lease term.

**ANSWER:**     Plaintiffs' Second Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

51.     When Plaintiffs presented these maintenance items for payment under Defendants' warranty, Defendants either refused to pay or made partial payments in

violation of the warranty terms. As a result, Plaintiffs entered into promissory notes for the costs of maintenance or repair that were not properly shifted to Plaintiffs, whether they were employees or independent contractors.

**ANSWER:**   Plaintiffs' Second Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

52.     As such, the lease agreements, warranties, and promissory notes were entered into by Plaintiffs due to material misrepresentations made by Defendants and due to Defendants' desire to sidestep the requirements of the FLSA.

**ANSWER:**   Plaintiffs' Second Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

53.     It is within the power of the Court to rescind or void these contracts based on Defendants' material misrepresentations or as being against public policy.

**ANSWER:**   Plaintiffs' Second Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies

the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent

that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks

knowledge or information sufficient to form a belief about the truth of those allegations.

54.      Plaintiffs request these contracts be rescinded or voided by the Court, with

appropriate restitution ordered in the form of an order of the Court directing Defendants

to return all monies paid to Plaintiffs under these contracts.

**ANSWER:**    Plaintiffs' Second Cause of Action does not apply to Cargill and, as such,

no response is required of Cargill.  To the extent that a response is required, Cargill denies

the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent

that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks

knowledge or information sufficient to form a belief about the truth of those allegations.

## COUNT III
### Unjust Enrichment and Restitution
### (Against the Pathway Defendants)

55.      Plaintiffs incorporate all allegations contained herein as if fully stated in this

Paragraph.

**ANSWER:**    Cargill incorporates its responses to Paragraphs 1-54 as if fully stated

herein.

56.      Defendants benefitted from Plaintiffs' labor in various ways, including:

receiving the benefit of transported goods without paying Plaintiffs minimum wage;

receiving monies for maintenance and repair of Defendants' property when these costs were not properly transferable to Plaintiffs; receiving lease payments and warranty payments, and receiving interest on lease agreements and promissory notes.

**ANSWER:**    Plaintiffs' Third Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

57.    All of these benefits inured to Defendants to the detriment of Plaintiffs as Plaintiffs failed to receive all earned wages, paid for the maintenance and repair of their employers' property, and paid monies under lease agreements and warranty agreements, including interest, that they should not have paid as employees. Moreover, some Plaintiffs have had "their" trucks repossessed, can no longer afford to pay their bills, and are in, or on the verge, of bankruptcy.

**ANSWER:**    Plaintiffs' Third Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

58.     As such, Plaintiffs are entitled to restitution in the form of Defendants'

disgorgement of all amounts paid under the lease agreements, warranties and promissory

notes, including any interest paid thereunder.

**ANSWER:**     Plaintiffs' Third Cause of Action does not apply to Cargill and, as such, no

response is required of Cargill.  To the extent that a response is required, Cargill denies

the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent

that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks

knowledge or information sufficient to form a belief about the truth of those allegations.


**COUNT IV**
**Quantum Meruit**
**(Against the Pathway Defendants)**

59.     Plaintiffs incorporate all allegations contained herein as if fully stated in this

Paragraph.

**ANSWER:**     Cargill incorporates its responses to Paragraphs 1-58 as if fully stated

herein.


60.     Plaintiffs conferred a benefit upon Defendant through shipping goods for

Defendant, maintaining and repairing Defendants' property, remitting lease payments and

warranty payments, and paying interest on lease agreements and promissory notes.

**ANSWER:**     Plaintiffs' Fourth Cause of Action does not apply to Cargill and, as such, no

response is required of Cargill.  To the extent that a response is required, Cargill denies

the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

61.     Defendants were certainly aware of receipt of these benefits; in fact, it is Plaintiffs' allegation that Defendants designed to receive these benefits despite their knowledge that their conduct was improper and unlawful.

**ANSWER:**    Plaintiffs' Fourth Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

62.     Defendants have accepted and retained these benefits under circumstances that are inequitable to Plaintiffs as Plaintiffs have failed to receive all earned wages, paid for the maintenance and repair of their employers' property, and paid monies under lease agreements and warranty agreements, including interest, that they should not have paid as employees. Moreover, some Plaintiffs have had "their" trucks repossessed, can no longer afford to pay their bills, and are in, or on the verge, of bankruptcy.

**ANSWER:**    Plaintiffs' Fourth Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies

the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

63.     Thus, Plaintiffs are entitled to payment of the value of all of Defendants' retained benefits supplied by Plaintiffs.

**ANSWER:**   Plaintiffs' Fourth Cause of Action does not apply to Cargill and, as such, no response is required of Cargill.  To the extent that a response is required, Cargill denies the allegations of this Paragraph to the extent that they refer to Cargill, and to the extent that the allegations of this Paragraph refer to Defendants other than Cargill, Cargill lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## **DEFENSES**

### FIRST DEFENSE

Recovery under the Complaint is barred by the doctrines of estoppel, waiver, and laches.

### SECOND DEFENSE

Recovery under the Complaint is barred in whole or in part by the doctrine of unclean hands.

### THIRD DEFENSE

Recovery under the Complaint is barred in whole or in part by the failure of the Plaintiffs and the putative collective members to mitigate their damages.

## FOURTH DEFENSE

The claims asserted herein are barred, in whole or in part, by the applicable statute of limitations under the Fair Labor Standards Act ("FLSA").

## FIFTH DEFENSE

To the extent that the Complaint makes a claim for liquidated damages, said claim must fail as any alleged misconduct was contrary to Cargill's good faith efforts to comply with the law.

## SIXTH DEFENSE

Plaintiffs and the members of the putative collective are not entitled to liquidated damages because any alleged acts or omissions of Cargill were undertaken or made in good faith, and Cargill had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

## SEVENTH DEFENSE

Plaintiffs and the members of the putative collective cannot establish that Cargill engaged in willful conduct within the meaning of the FLSA.

## EIGHTH DEFENSE

Plaintiffs and the members of the putative collective have been paid all sums to which they are owed, if any.

LEGAL\34548217\1 18925.0001.000/408936.000

## NINTH DEFENSE

Plaintiffs' claims fail to meet the requirements to maintain a collective action pursuant to the FLSA.

## TENTH DEFENSE

All alleged acts or omissions by Cargill were undertaken or made in good faith and in conformity with, and reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, or the administrative practice or enforcement policy of such agency with respect to Cargill or the courts.

## ELEVENTH DEFENSE

The claims of Plaintiffs and any member of the putative collective are barred in whole or in part because any recovery by Plaintiffs and/or any putative collective member(s) must be offset by any benefits and/or monies they have received.

## TWELFTH DEFENSE

The claims of Plaintiffs and any member of the putative collective are barred in whole or in part under the doctrine of unjust enrichment.

WHEREFORE, Cargill respectfully requests the Court to enter judgment in its favor and against Plaintiffs on their claims, award Cargill its attorneys' fees and costs incurred in the defense of the litigation, and grant Cargill such other and further relief as the Court deems just and proper.

Dated:  April 16, 2018                     Respectfully submitted,

                                           **CARGILL MEAT LOGISTICS SOLUTIONS, INC.**

                                           By:     _s/ Orly Henry_____
                                                    One of Its Attorneys

Jason Barsanti
Cozen O'Connor
501 West Broadway, Suite 1610
San Diego, CA 92101
_jbarsanti@cozen.com_

Jacob Rubinstein
Cozen O'Connor
707 17th Street, Suite 3100
Denver, CO 80202
_jrubinstein@cozen.com_

Joseph Tilson
Orly Henry
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
_jtilson@cozen.com_
_ohenry@cozen.com_

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2018, I electronically filed the foregoing **DEFENDANT CARGILL MEAT LOGISTICS SOLUTIONS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*s/ Orly Henry*
Orly Henry

LEGAL\34548217\1 18925.0001.000/408936.000