# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 18-cv-00308-CMA-MJW

LONNIE FAILS, and
RICHARD SELL

    Plaintiff,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, and
CARGILL MEAT LOGISTICS SOLUTIONS, INC., a Kansas corporation registered to conduct business in Colorado,

    Defendants.

---

**ORDER DENYING JOINT MOTION TO APPROVE SETTLEMENT**
_____

This matter comes before the Court pursuant to the parties' Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Settled Claims with Prejudice. (Doc. # 37.) For the reasons set forth below, the Court denies the motion.

## I.     BACKGROUND

Lonnie Fails and Richard Sell ("Plaintiffs") initiated the instant Fair Labor Standards Act ("FLSA") action on February 7, 2018. (Doc. # 1.) Plaintiffs' wage dispute arises out of contracts into which Plaintiffs entered with Defendants. Specifically, Plaintiffs entered into an agreement with Defendant Cargill Meat Logistics Solutions, Inc. ("Cargill") to transport freight by motor vehicle to Cargill customers. In order to

perform their duties under their contract with Cargill, Plaintiffs used vehicles leased from Defendant Pathway Leasing, LLC ("Pathway"). Accordingly, Plaintiffs executed both an equipment lease with Pathway and Plaintiffs also executed "Payment Authorizations" to Pathway, "pursuant to which Cargill remitted the Plaintiffs' weekly payments, referred to in trucking industry parlance as 'settlement compensation,' to Pathway which would then take deductions for various line items and remit the remainder of the settlement compensation to the Plaintiff[s]." Plaintiffs allege that they were subjected to improper deductions by Pathway, which "caused the Net Settlement Payment ultimately remitted to them by Pathway to amount to less than the applicable minimum wage, in violation of the [FLSA]." Plaintiffs seek to "represent a putative collective of individuals who entered into an agreement with Cargill to transport freight by motor vehicle with a vehicle leased from Pathway and who executed a Payment Authorization to Pathway." (Doc. # 37 at 2.)

Additionally, the parties dispute Cargill's liability for alleged federal wage violations due to Pathway's deductions from Plaintiff's settlement compensation. Plaintiffs allege that they were jointly employed by Cargill and Pathway, yet Cargill argues that Plaintiffs were not its employees but actually independent contractors. Finally, the parties also dispute the proper method to calculate damages. Specifically, the parties dispute the number of hours Plaintiffs actually worked and whether Defendants' alleged violations were willful. (Doc. # 37 at 3.)

However, the parties have agreed that the "difficulty and cost of completing discovery on the merits of Plaintiffs' claim and the substantial risk of proceeding with such a costly process . . . weigh in favor of resolving the Parties' disputes before

additional discovery is necessary." (Doc. # 37 at 3–4.) As a result, the parties participated in mediation and reached a settlement agreement that "will affect only the claims of those Plaintiffs who elect to file a valid Claim Form in order to receive their share of the Settlement, not those who choose not to participate for whatever reason." If a plaintiff decides not to accept the parties' settlement, the plaintiff "can simply do nothing and retain all their rights to pursue their own action if they wish." (*Id.* at 6.) In the instant motion, the parties request this Court's approval of their settlement agreement.

## II. SETTLEMENT APPROVAL

The parties correctly observe that "[a]t least one Court in this District has held that FLSA settlements do not require court approval, absent special circumstances." (*Id.* at n.1) (citing *Ruiz v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, ECF No. 132 (D. Colo. Jan. 9, 2017)). In *Ruiz*, Chief Judge Krieger, reasoning that "nothing in the text of the FLSA expressly requires court review and approval of settlements," joined with other courts which have held "that an FLSA claim that is genuinely disputed by the employer may be compromised via private settlement between the parties, and . . . such settlement will be legally effective regardless of whether [the settlement is] submitted to or approved by the trial court." *Id.* at 2, 6 (citing *Martin v. Spring Break '83 Prod., LLC*, 668 F.3d 247, 255 (upholding district court's validation of a private FLSA settlement where a bona fide dispute as to liability existed)); *see, e.g., Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 97 Fed. R. Serv. 3d 1547 (D. Colo. 2017) (noting that in light of the "increased autonomy that plaintiffs in a [FLSA] 'collective action' have, this Court and others have begun to question whether

settlements of 'collective action' claims should require court approval, or whether they should be treated as would a settlement in any other action with multiple plaintiffs."); *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608 (W.D. Tx. 2005) (holding that private settlements of FLSA rights are enforceable without judicial review in some circumstances).

Rather than being statutorily mandated, the practice of seeking court approval for all FLSA settlements is rooted in an 11th Circuit decision, which held that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). However, courts have recently observed that "the *Lynn's Food*'s requirement for judicial approval of voluntary settlements was driven by its facts – the employer overreached the employees in inducing them to settle unasserted and unevaluated claims for a small amount of money." *Id.* at 4 (citing *Martinez*, 361 F. Supp. 2d at 627). In fact, the employees at issue in *Lynn's Food* were "largely unaware of the fact that they had rights under the FLSA, and had not been advised by an attorney before signing the agreements; indeed, many did not speak English." *Id.* (citing *Martinez*, 361 F. Supp. 2d at 628). Therefore, the 11th Circuit's holding pertains specifically to the settlement of what did not amount to a bona fide dispute.

The limited prohibition on FLSA settlements that are made in the absence of a bona fide dispute is supported by Supreme Court precedent. However, the same

4

precedent indicates that settlement restrictions ought to remain limited. For instance, in *Brooklyn Savings Bank v. O'Neil*, 342 U.S. 697 (1945), the Supreme Court distinguished between impermissible waivers of FLSA rights and settlements of bona fide disputes. The Court found that where an

> employer and employee attempted by means of release to waive the right to the basic statutory minimum [compensation] as well as the right to liquidated damages . . . [the] attempted release and waiver of rights under the Act was absolutely void . . . [However] [o]ur decision . . . has *not* necessitated a determination of what limitation, if any, [the FLSA] places on the validity of agreements between an employer and employee to settle claims arising under the Act *if the settlement is made as the result of a bona fide dispute between the two parties, in consideration of a bona fide compromise and settlement.*

*Id.* at 713–714 (emphasis added). As such, the Supreme Court left open the question of whether private settlements of bona fide disputes regarding a defendant's liability for an alleged FLSA violation are permissible. *Martinez*, 361 F. Supp. 2d at 621; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) (leaving open "possibility of compromises in . . . situations . . . such as a dispute over the number of hours worked or the regular rate of employment.").

Therefore, the 11th Circuit's *Lynn's Food* holding is correct to the extent that it followed the Supreme Court's instruction that settlements of non-bona fide disputes are invalid. It is analytically erroneous, however, to rely on *Lynn's Food*'s reasoning to extend settlement restrictions to bona fide settlements which—as the Supreme Court recognized—are qualitatively distinct. *See Brooklyn Sav. Bank*, 342 U.S. at 714. Moreover, as Chief Judge Krieger noted in *Ruiz*, although "[t]here may be a small number of employers who will resort to subterfuge, misdirection, or coercion to

5

improperly induce employees into surrendering their FLSA rights," which both the 11th Circuit and the Supreme Court agree to be prohibited, "the correct solution to address such a narrow problem is not an overbroad rule requiring *all* FLSA settlements to receive judicial review and approval" as *Lynn's Food* suggests. *Ruiz*, No. 14-cv-00870, ECF No. #132 at 5. This Court agrees with Chief Judge Krieger that, in such instances, the proper remedy is "the same remedy used in literally every other context where a settlement is claimed to be coercive, deceptive, or overreaching: upon a proper showing by the employee, the court may set aside the settlement contract and restore the employee's right to seek his or her FLSA remedies directly." *Id.* at 6.

The logical dissonance of burdening the settlement process of bona fide FLSA disputes with judicial review is further evidenced by the particular nature of FLSA claims. Specifically, the "peculiar *opt-in* nature of an FLSA collective action anticipates that all of those parties who settle are actively participating and are represented by counsel." *Id.* at 5. Therefore, there is little justification to include FLSA settlements in the narrow range of settlements that require court approval. *Id.* That range includes settlements in class actions under Fed. R. Civ. P. Rule 23 and settlements involving infants or incompetent individuals. *Id.* In such cases, "judicial review of compromises is necessary because the parties affected – the class members or the incompetent persons – are not directly before the court nor have they necessarily participated in the decision to settle." *Id.* FLSA claims, by contrast, are analogous to the broad range of settlements that do *not* require judicial review such as claims under Title VII, the ADA,

6

and other statutes designed to protect employees against oppression or discrimination. *Id.*

Finally, it is unlikely that Congress intended courts to review bona fide dispute settlements. In fact, restrictions on private settlement of bona fide disputes cause

> [j]udicial caseloads, as well as the workload of the Wage and Hour Administration [to] be swamped with unnecessary disputes, many dubious and with little evidence, that [cannot] be finally settled without approval from either a court or the Secretary of Labor. This surely cannot be what was intended by Congress when the FLSA was passed. In fact, less than ten years after the passage of the FLSA, Congress amended the statute to provide for compromises of then-existing claims involving bona fide disputes. Though Congress could have made the express availability of such compromises prospective rather than purely retrospective, it did not prohibit such compromises.

*Martinez*, 361 F. Supp. 2d at 630–631. Therefore, in light of the conflict between judicial review of bona fide disputes and the congressional intent embodied by the FLSA, it is unsurprising that "[n]o court other than the Eleventh Circuit has expressly held that [private settlement of an FLSA dispute] is prohibited." *Id.* at 631.

Accordingly, this Court joins with Chief Judge Krieger in concluding that judicial review of bona fide FLSA disputes is not required. However, review of FLSA settlements is still available in certain circumstances. Where, for example, not all opt-in plaintiffs can be contacted to obtain consent to a settlement agreement or where a party alleges that an agreement does not actually pertain to a bona fide dispute—which is to say that there is evidence of malfeasance or overreaching in obtaining a settlement agreement—this Court will scrutinize the purported settlement. *See Ruiz*, 14-cv-00870, ECF No. #132 at 7; *Martinez*, 361 F. Supp. 2d at 631 (limiting holding to settlements of bona fide disputes).

In the instant case, it does not appear that there is a defect in either the settlement agreement itself or in the settlement process that would require an inquiry as to whether the dispute is bona fide. *See* (Doc. # 37.) Therefore, the Court is not required to review the merits of the settlement agreement, and the parties may no longer wish for the Court to do so. If that is the case, they need only advise the Court that all claims have been resolved and that they desire to dismiss the case or close it. The parties would then proceed with enforcement of their settlement contract. *Ruiz*, No. 14-cv-00870, ECF No. #132 at 6.

### III.     CONCLUSION

In consideration of the foregoing, the Court ORDERS that the Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Settled Claims with Prejudice (Doc. # 37) is DENIED. It is

FURTHER ORDERED that within 45 days of the date of this Order, the parties shall:

1. Request that the case be closed or all claims dismissed with prejudice premised upon an express representation that all plaintiffs, both named and those who have opted-in, have resolved their claims against Defendants. If not all claims are settled, then specify those to be tried; or

2. Request review of a settlement agreement based on reasons set forth in this order.

DATED: November 19, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge